# UNITED STATES DISTRICT COURT
for the

District of Rhode Island

Eric G. Neufville )
_____ )
*Plaintiff(s)* )
(Write the full name of each plaintiff who is filing this complaint. )
If the names of all the plaintiffs cannot fit in the space above, )
please write "see attached" in the space and attach an additional )
page with the full list of names.) )
-v- Patricia Coyne )
Fague (Director) )
(Warden) Jeffery Aceto )
(Captain) Walter Duffy )
(Lieutenant) Bruce Oden et. al. )
_____ )
*Defendant(s)* )
(Write the full name of each defendant who is being sued. If the )
names of all the defendants cannot fit in the space above, please )
write "see attached" in the space and attach an additional page )
with the full list of names. Do not include addresses here.) )

Case No. **CA 20 - 005**
_____
(to be filled in by the Clerk's Office)

FILED 2020 JAN -6 A 11: 23
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

I. The Parties to This Complaint

A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Eric G. Neufville
All other names by which you have been known:
ID Number: 124184
Current Institution: R.I. D.O.C. Maximum Sec.
Address: P.O. Box 8273
Cranston, R.I. 02920
*City      State    Zip Code*

B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: Patricia Coyne Fague
Job or Title *(if known)*: Director
Shield Number:
Employer: State of RHODE ISLAND
Address: 40 Howard ave
Cranston, R.I. 02920
*City      State    Zip Code*
[x] Individual capacity    [x] Official capacity

Defendant No. 2
Name: Jeffrey Aceto
Job or Title *(if known)*: Warden at Maximum sec.
Shield Number:
Employer: State of RHODE ISLAND
Address: 40 Howard ave
Cranston, R.I. 02920
*City      State    Zip Code*
[x] Individual capacity    [x] Official capacity

Defendant No. 3
- Name: Walter Duffy
- Job or Title (if known): Captian at Maximum sec.
- Shield Number:
- Employer: State of RHODE ISLAND
- Address: 40 Howard ave
  - City: Cranston    State: R.I.    Zip Code: 02920
- [X] Individual capacity    [X] Official capacity

Defendant No. 4
- Name: Bruce Oden
- Job or Title (if known): Lieutenant
- Shield Number:
- Employer: State of RHODE ISLAND
- Address: 40 Howard ave
  - City: Cranston    State: R.I.    Zip Code: 02920
- [X] Individual capacity    [X] Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

   [ ] Federal officials (a *Bivens* claim)

   [X] State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

   1st Amend. 4th Amend. 5th Amend. 14th Amend. rights and Petiti-claims violation of his rights under 42 U.S.C. 1985  42 U.S.C 1981 and 1982

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

ADDITIONAL DEFENDANTS

Defendant No. 5   Deputy Warden Cory Cloud
Employer:         State of RHODE ISLAND
Address:          40 Howard ave
                  Cranston R.I. 02920
                  *Individual Capacity.  * Official Capacity



Defendant No. 6 Lieutenant Larangeira
Employer:       State of RHODE ISLAND
Address:        40 Howard ave
                Cranston R,I,02920

                *Individual Capacity  *Official Capacity

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☒ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.
   In Rhode Island D.O.C. Maximum Sec. On January 03, 2019

C. What date and approximate time did the events giving rise to your claim(s) occur?
January 3,2019 1300hrs

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* In Oct. 2018 Petitioner helped 51 minority inmates at the Maximum Sec. Facility, by writting a 20 page memoradum on their by half challenging the constitutionality of a R.I. State § 11-47-3.2 for racial disparity & discrimination, Double Jeopardy & other issues involving the statute. The Memorandum was Filed on Oct 12th, 2018 in the R.I. Supreme Ct. under R.I. Supreme ct. rule 32.

V. **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. Plaintiff Lost his paying job was denied access to outside recreation, denied his property, denied his civil rights. Plaintiff was denied access to the Law Library, as a pro se litigant in other pending state matters, lost his earned good time and suffered emotional and mental distress.

VI. **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. Plaintiff would like the court to place a permanent injuction on the R.I. D.O.C. to allowing inmates to assist one another in thier legal matters, Place injuctions on D.O.C. Staff members to stop racially targeting minorities. Plaintiff wants back pay from his job that was lost at 3 dollars a day retro back to January 14,2019. Five Million dolllars in Compensatory Damages five hundred thousand dollars in Nominal Damages. Five hundred thoousand dollars in Punitive Damages(each) from four (Defendants)

<u>CLAIMS</u> Cont.

On Oct. 17th 2018 Plaintiff wrote a letter and sent a copy of said memorandum to an organization called F.A.M.M. Families Against Minimum Mandatory, to help bring light to the unconstitutional statute, Plaintiff sent it by way of U.S. Postal Services. According to Defendant Captain Walter Duffy It was returned to sender for reasons unbeknownst to Plaintiff.

(2) On January 03, 2019 Defendant Captain Walter Duffy wrote a Disciplinary booking against Plaintiff which states " A return to sender (undeliverable) piece of mail was recieved at this facility. The mail was opened per policy, and contained legal papers with a typed letter from Neufville. In the letter, Neufville states that he did this on behalf of other inmates at Maximum Security. This behavior is prohibited by policy 13.03-4 D.O.C., Access to the courts and Legal Materials, III, E,3. (page7,8). This prohibition is intnded to prevent the exchange of services for cash, favors, or goods and discourages possession of contraband in the of another inmates legal materials."

(3) On January 04, 2019 Defendant Lieutenant Larangeira read the disciplinary report to Plaintiff. Plaintiff explained that he did in fact write the memorandum and the letter, but did not recieve anything in return for the memorandum and letter he wrote on behalf of the inmates that it was a common sentencing issue, that was effecting the economically deprived minority community. Defendant Lieutenant Larangeira who is in charge of investigating the disciplinary report to see if the report is valid to warrant a disciplinary hearing, found that the booking that his superior wrote is valid based on the polcy 13.03-4 which states " Inmate law clerks shall not perform actual research and preparation of casework for other inmates."

## CLAIMS CONTINUED

(4)   On January 08th, 2019, Plaintiff went before the Rhode Island Department of Corrections Maximum Security Facility Disciplinary Board's Chairman, Lt. Bruce Oden, (Defendant), and explained that he was protected under the First Amendment to the United States Constitution to challenge the Statute in assisting other prisoners; Plaintiff also explained to the Hearing Officer, Lt. Oden, that he did not recieve anything in exchange from anyone of the Petitioners' in the Petition that was filed in the R.I. Supreme Court, nor did the Plaintiff possess any other prisoners' legal material. Plaintiff also explained that he did not violate R.I. D.O.C. Policy, because he is not a law clerk. Lt. Oden, (Defendant), told the Plaintiff that "we will interpret the policy the way those here at Maximum Security Facility want." Lt. Oden, (Defendant), then found the Plaintiff guilty of the alleged infraction and punished him with (10 days loss of all privileges) (LOAP);(10 days loss of good-time credits), and Plaintiff then appealed to the prison Warden for review of the unlawful sanctions.

(5)   On January 11th, 2019, Plaintiff appealed to the Deputy Warden Mr. Cory Cloud, (Defendant), and explained the situation that Plaintiff did not possess any other inmates legal work and did not receive payments from any one of the Petitioners in the Petition, and that I was protected under the First Amendment to the United States Constitution. Plaintiff also cited United States Supreme Court case-law in support of his defense. Plaintiff's appeal was denied and the Decision of the Hearing Officer was upheld. It should be noted that the Plaintiff also made the Deputy Warden, Mr. Cory Cloud, (Defendant), aware that there is a sign in the Maximum Security Facility "law library" as well as in the Maximum Security Facility Rule Book, where Plaintiff is being housed, that

## CLAIMS CONTINUED

states, "Inmates are allowed to assist other inmates with there legal work." (please see exhibits A&B).

(6) As a result of the Defendants actions, Plaintiff has lost his prison job as a "painter"; lost 10-days of earned good-time credits; and lost all rights and privileges to visits. Moreover, Plaintiff was denied access to outside recreation, access to the law library, all in violation of his civil rights pursuant to the 4th, 5th, and 14th Amendments to the United States Constitution, as well as Plaintiff's rights pursuant to 42 U.S.C. §§1981; and §1982, whereby, Plaintiff was racially targeted and discriminated against. The thrust of Plaintiff's argument is that he was denied access to the Courts, and his right to redress, notwithstanding the other colorable civil rights claims, therefore, the Defendants violated Plaintiff's rights pursuant to 42 U.S.C. §1985.

(7) The Plaintiff further alleges that the Rhode Island Department of Corrections Maximum Security Facility Senior Staff, namely, Captain Walter Duffy, knowingly, willfully, and maliciously, committed "theft of legal material" that was mailed out of the prison, however, was returned to sender, yet never returned to this Plaintiff, instead was used to launch and attack against Plaintiff, by the named Defendants' in fraudulent Disciplinary processes. The entire execution of the actions by the Defendants' were allegedly, part of a scheme of obstruction of justice for challenging the mere constitutionality of a statute. The memorandum and legal material withheld, confiscated and stolen, was sent to an organization called "Families against minimum mandatory sentences" (F.A.M.M.). Notably, an intellectual and confidential letter also accompanied the above referenced "memorandum" and that too, was unlawfully,

## CLAIMS CONTINUED

confiscated, withheld, stolen, and not returned. See copy of enclosed letter dated October 17, 2018, however, addressed to another organization known as "Black & Pink." Nevertheless, the copy of this letter is a duplicate of the one sent to (F.A.M.M.), supra. See (Letter as Exhibit "C") herein.

(8) Plaintiff was also charged with Statute 11-47-3.2 in 2003 by the Rhode Island Attorney General, all charges were dismissed in 2004. this statute has affected Plaintiff aswell. (Pease see exhibit D)

## Relief cont.

Defendant (Captain Walter Duffy)(Five Hundred Thousand Dollars in Punitive Damages)

Defendant(Lieutenant Larangeira)(Five Hundred Thousand Dollars in Punitive Damages)

Defendant (Lieutenant Bruce Oden) (Five Hundred Thousand Dollars in Punitive Damages)

Defeandant (Deputy Warden Cory Cloud) (Five Hundred Thousand Dollars in Punitive damages)

Plaintiff also demands attorney fees, court cost and filling fees.

Plaintiff Demands a Jury Trial.

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

[x] Yes

[ ] No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). R.I. D.O.C. Maximum sec. Cranston R.I.

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

[x] Yes

[ ] No

[ ] Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

[x] Yes

[ ] No

[ ] Do not know

If yes, which claim(s)? Deniel of access to the Law Library
Deniel of outside recreation.

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance? At Maximum Sec. with Lt. Fenneesey R.I.D.O.C.

2. What did you claim in your grievance? I claimed I was denied outside recreation and I was deneid access to the law library to do legal research as a pro-per litigant.

3. What was the result, if any? It was denied at the first level by (Defendant Warden Cory Cloud) and I appealed to (Defendant Director Patricia Coyne Fague) at level two, that was also denied.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   Yes I exhausted all administrated remedies.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*
   _____

3. Docket or index number
   _____

4. Name of Judge assigned to your case
   _____

5. Approximate date of filing lawsuit
   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment? No.

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1/2/2020

Signature of Plaintiff: [signature]
Printed Name of Plaintiff: ERIC NEUVILLE
Prison Identification #: 124184
Prison Address: P.O. BOX 8273 MAXIMUM SEC.
CRANSTON, R.I. 02920

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
Telephone Number: _____
E-mail Address: _____

Page 11 of 11

I Eric Neufville pursuant to 28 U.S.C.§1746 Declare that under the penalty of perjury the following is True, Absolute, Correct, to the best of my Knowledge .

*[signature]*

1/2/20 Date